ORIGINAL

vincentbordallopsr2

LEONARDO M. RAPADAS
United States Attorney
FREDERICK A. BLACK
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Ave.
Hagåtña, Guam 96910
TEL: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
MAY 14 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CRIMINAL CASE NO. 07-00016 |
| Plaintiff. | ) |
| vs. | ) UNITED STATES' RESPONSE TO ) DEFENDANT'S OBJECTIONS RE: ) PRESENTENCE REPORT |
| VINCENT THOMAS BORDALLO, | ) |
| Defendant. | ) |

The United States agrees that once the defendant obtained an attorney, no aspect of his bargained for cooperation should be used in any way to aggravate his sentence. Following receipt of defendant's objections the probation office reviewed their report to ensure that this standard was upheld.

Independent of any overt cooperation of the defendant, the Government's undercover operation observed the defendant and his crew of approximately seven (7) men pulling up cooper wire and arranging its transportation to the scrape yard. Further more, the defendant himself negotiated the sell of this material with the scrape yard dealer and received the proceeds. Therefore, the probation officer had evidence supporting the position that 3B1.1(b) applied which would allow the guidelines to increase by three (3) levels.

Nevertherless, prior to the defendant's cooperation the degree of the involvement of other individuals was limited to these observations and discussion with a confidential informant. The

Government will now recommend that the court apply 3B1.1(c) that states that if the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by two (2) levels. Therefore, the total offense level would be a level six (6), which would allow a sentence of zero (0) to six (6) months under the advisory guidelines.

The Government will recommend a sentence of probation in this case. Given the Government's recommendation of probation, an evidentiary hearing should not be required.

The defendant's citation to the <u>Braxton v. United States</u>, 111 S.Ct. 1854 (U.S. 1991) and <u>United States v. Day</u>, 943 F.2d 1306, 1309 (11th Cir., 1991) is really not on point, since the Government is not asking the court to use guidelines for a separate and more serious crime. The defense has cited to no authority that prevents the court from determining relevant conduct. Again, this discussion really is academic since all of the calculations allow for the same total advisory guidelines of zero (0) to six (6) months.

Respectfully submitted this 11th day of May 2007.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: _____
FREDERICK A. BLACK
Assistant U.S. Attorney